UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES,<br><br>                      Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary<br><br>                      Respondent. | Case No.: 15cv1002-GPC-BGS<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR ENTRY OF DEFAULT**<br><br>**[ECF Nos. 44 and 46.]** |

## I.     INTRODUCTION

Petitioner is a state prisoner proceeding *pro se with* a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Currently before the Court are Petitioner's Motions for Entry of Default.  The Court notes that Petitioner filed two motions for entry of default, on July 13, 2016 and again on August 2, 2016.  [ECF Nos. 44 and 46.]  The Court's review of the two motions reveals that the second motion provides additional exhibits, including the original motion for entry of default; however, the request for relief is identical.  For the reasons explained below, both of Petitioner's motions for entry of default are **DENIED**.

## II.     PROCEDURAL BACKGROUND

On March 30, 2016, the Court ordered Respondent to file an answer to Petitioner's Due Process and Equal Protection claims on or before May 1, 2016.  [ECF No. 32.]  On

April 28, 2016, Respondent filed an *ex parte* application for an extension of time to answer. [ECF No. 33.] On April 29, the Court issued an order granting Respondent an extension of time, through May 31, 2016, to file the answer. [ECF No. 35.] Respondent filed a second *ex parte* application for an extension of time to answer on May 27, 2016. [ECF No. 36.] The Court granted Respondent a second extension to file an answer to the Petition for Writ of Habeas Corpus until June 28, 2016. [ECF No. 37.] Respondent filed an answer on June 27, 2016. [ECF No. 38.]

### III.   STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Default judgments are generally disfavored; the Court prefers that a case should be decided on the merits. *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1098 (N.D. Cal. 2009) (citing *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985)).

### IV.   DISCUSSION AND ORDER THEREON

Petitioner alleges in separate motions that as of July 13, 2016 and August 1, 2016, Respondent had not filed an answer or a timely *ex parte* application to extend the time to file an answer. Petitioner alleges Respondent is in default of the court order. Petitioner requests that the Court enter default judgment against Respondent, declare that Respondent has waived its right to defend against the Petitioner for Writ of Habeas Corpus, and issue an order granting Petitioner's writ in full.

Having reviewed Petitioner's claims, Petitioner's requests for entry of default judgment must be denied because Respondent has not failed to plead or defend. Specifically, the docket shows that Respondent filed two timely *ex parte* applications for an order extending the time to file an answer. [ECF Nos. 33 and 36.] The Court granted both applications, and ordered Respondent to file an answer by June 28, 2016. [ECF Nos. 35 and 37.] Respondent filed a timely answer to the Petition for Writ of Habeas

1  Corpus on June 27, 2016.  [ECF No. 38.]  Thus, as found above, Respondent has not
2  failed to plead or otherwise defend and default judgment is not warranted under Rule 55
3  of the Federal Rules of Civil Procedure.
4    Respondent filed a timely answer to the Petition for Writ of Habeas Corpus and
5  therefore is not in default of the Court's orders.  Accordingly, Petitioner's motions for
6  entry of default are **DENIED**.
7  Dated:  August 16, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge