UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES,<br><br>                     Petitioner,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>                     Respondent. | Case No.: 15CV1002 GPC (BGS)<br><br>**REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF Nos. 1, 57] |

Petitioner, Edward Jones ("Petitioner" or "Jones "), a state prisoner, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [ECF 1.] Following dismissal of Petitioner's *ex post facto* claim in partially granting Respondent's Motion to Dismiss, Respondent was ordered to respond to Petitioner's remaining claims for violation of due process and equal protection. (ECF 32 at 20.) Petitioner is not challenging his conviction or his sentence in this Petition. Rather, Petitioner claims that he is being denied worktime credits he is entitled to pursuant to an order issued on February 10, 2014 by a three-judge court in *Coleman/Plata v. Brown.[1]* Petitioner

---

[1] February 10, 2014 Order issued in *Coleman v. Brown*, Case No. 2:90-cv-520 LKK DAD (PC) and *Plata v. Brown*, Case No. C01-1351 TEH (hereinafter "*Coleman/Plata* Order").

1

additionally claims he is erroneously being limited in the worktime credits he can earn under California Penal Code § 2933.1 — limiting worktime credits to 15 percent of the imposed sentence.[2] He argues that the California Department of Corrections and Rehabilitation ("CDCR") has incorrectly denied these worktime credits based on Petitioner being a violent offender. Respondent has filed an Answer and supporting Lodgments. (ECF 38-39; *see also* ECF 12 (Lodgments in Support of Motion to Dismiss); ECF 24 (Supplemental Lodgments in Support of Motion to Dismiss).) Petitioner has filed a Traverse and Amendment to Traverse. (ECF 53, 55.)

The Court submits this Report and Recommendation to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After consideration of the Petition and attached exhibits, Respondent's Answer, Petitioner's Traverse and Amendment to Traverse, and all the Lodgments submitted,[3] the Court recommends the Petition be **DENIED**.

## I. BACKGROUND

### A. Procedural Background[4]

On November 8, 2000, a jury convicted Petitioner of one count of second degree robbery, five counts of attempted second degree robbery, and two counts of false

---

(Lodgment 5.) The requirements of this Order for purposes of Petitioner's claims is discussed more fully in Section II.A.2.

[2] All further code section references are to the California Penal Code unless otherwise noted.

[3] The state court record in this case is limited because Petitioner is not challenging his conviction or sentence, but rather only his designation as a violent offender by CDCR and the resulting limitations on his ability to earn worktime credits to reduce his time in custody. However, the Court has received and independently reviewed all relevant portions of the state court record. *Nasby v. McDaniel*, 853 F.3d 1049, 1053 (9th Cir. 2017).

[4] The Court's December 8, 2015 Report and Recommendation on Respondent's Motion to Dismiss and the March 30, 2016 Order Adopting the Report and Recommendation

imprisonment. (Pet., Ex. K ("Verdict Forms") [ECF 1 at 93-108]; Lodgment 1 ("Abstract of Judgment").) The jury also found true that petitioner personally used a firearm during the commission of each offense. (Verdict Forms [ECF 1 at 93-108].) The trial court sentenced petitioner to 37 years in prison. (Abstract of Judgment at 1 [ECF 39-1 at 1].) The conviction was upheld on appeal and through state and federal habeas review.[5]

As to the claims raised in the current Petition concerning denial of additional worktime credits, Petitioner filed a habeas petition with the San Diego County Superior Court raising an *ex post facto* claim that was denied on December 2, 2014. (Lodgments 6-7.) Jones subsequently filed a habeas petition in the state court of appeal raising a similar *ex post facto* claim. (Lodgment 8.) In addition to being denied as procedurally barred because it was stale, repetitive, and successive, the Court of Appeal also found Petitioner failed to state a prima facie case for relief. (Lodgment 9.) More specifically, the court found Petitioner was considered a violent offender not because of a change in the law applied retroactively (Proposition 21), but because he was convicted of a felony with gun use enhancements and § 667.5(c)(8) provided at the time Petitioner committed this offense that any felony in which a defendant used a firearm which has been charged and proved is a violent felony. (Lodgment 9 at 2.)

Petitioner filed a habeas petition with the state supreme court raising the *ex post facto* claim. (Lodgment 10.) He then submitted an amendment to the petition raising his due process and equal protection claims. (Lodgment 11.) The record reflects the amendment was received by the California Supreme Court on February 6, 2015.

---

both provide a very detailed procedural history. The summary below is less detailed because the Court, having already considered Respondent's arguments concerning exhaustion and procedural default, focuses on the merits of Petitioner's due process and equal protection claims.

[5] *People v. Jones*, No. D038250, 2002 WL 3117620 (Cal. Ct. App. Oct. 2, 2002). Petitioner's federal habeas petition challenging his conviction was denied on February 22, 2008. *Jones v. Woodford*, Case No. 03CV1463 J (RBB), 2008 WL 505230 (February 22, 2008).

3

(Lodgment 12.) The California Supreme Court issued a summary denial on March 11, 2015. (Lodgment 12.)

Petitioner filed his federal Petition on May 4, 2015 raising an *ex post facto* claim and claims for violation of due process and equal protection. Respondent filed a Motion to Dismiss on August 12, 2015. (ECF 11.) It was granted in part and denied in part on March 30, 2016. (ECF 32.) Specifically, the Court found Respondent had failed to establish the due process and equal protection claims were procedurally barred or unexhausted, but dismissed Petitioner's *ex post facto* claim.

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to this Petition, a habeas petition will not be granted unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011) and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

"Under the 'contrary to' clause of § 2254(d)(1), a federal court may grant relief only when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Loher v. Thomas*, 825 F.3d 1103, 1111 (9th Cir. 2016) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "Under the 'unreasonable application' clause of § 2254(d)(1), 'a state-court decision involves an unreasonable application of the Supreme Court's precedent if the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of

the particular state prisoners case.'" *Id.* (quoting *White v. Woodall*, 134 S. Ct. 1697, 1705 (2014).¶

Under § 2254(d)(2) "a petitioner may challenge the substance of the state court's finding and attempt to show that those findings were not supported by substantial evidence" or "challenge the fact-finding process itself on the ground that it was deficient in some material way." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). "Regardless of the type of challenge, 'the question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Id.* "[W]hen the challenge is to the state courts procedure, . . . [the court] must be satisfied that *any* appellate court to whom the defect in the state court's fact-finding process is pointed out would be unreasonable in holding that the state courts fact-finding process was adequate.'" *Id.* at 1146-47; *see also Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) (the federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.").

Federal courts must "apply AEDPA's standards to the state court's last reasoned decision on the merits of a petitioner's claims." *Ayala v. Chappell*, 829 F.3d 1081, 1094 (9th Cir. 2016).[6] This includes "[i]n circumstances where no decision from the state

---

[6] Where there is no reasoned decision from the state's highest court, the Court will generally "look through" to the last reasoned decision and presume it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 n.1 (2013). However, here there is no reasoned decision addressing the due process and equal protection claims asserted in the Petition to look through to because each was raised for the first time in an amendment to his petition to the California Supreme Court and the California Supreme Court summarily denied the petition. The Court notes that Respondent did lodge a 2012 petition filed by Petitioner with the California Supreme Court that does raise a due process claim, however, that claim, not before the court, challenges Petitioner's sentence, not the denial of time credits and was also summarily

5

court articulates its underlying reasoning." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014). "'[T]he habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.'" *Id.* (quoting *Harrington*, 562 U.S. at 98). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. "In determining whether a petition has met this burden, [the court] 'must determine what arguments or theories supported or . . . could have supported the state court's decision;' and then assess 'whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.'" *Murray*, 746 F.3d at 441 (quoting *Richter*, 562 U.S. at 102); *see also Ayala*, 829 F.3d at 1095. "Crucially, this is not a *de novo* review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Murray*, 746 F.3d at 441 (quoting *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013)). However, as the analysis below reflects, even under *de novo* review, Petitioner's claims fail.

### III. Analysis

Petitioner argues he is being denied worktime credits because he is erroneously considered a violent offender. He claims that because the provision under which he is a violent offender, § 667.5(c), was not specifically cited in the Amended Information and the jury's verdicts did not cite § 667.5(c), he cannot be considered a violent offender for purposes of worktime credits. However, as explained below, Petitioner is a violent offender based on his conviction. By law, he is limited to earning 15 percent of worktime credits pursuant to § 2933.1 and is ineligible for credits available to "non-violent second strike offenders" under the *Coleman/Plata* Order.

---

denied. (Resp't Supplemental Lodgments in Supp. of Mot. to Dismiss, Lodgment 4 [ECF 24-1].)

## A. Worktime Credits for Violent Offenders

### 1. § 2933.1

Prisoners in California are able to earn worktime credits that may ultimately reduce the length of their imposed sentence. *See* § 2933. However, § 2933.1 provides that "[n]otwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit."[7] This means a "defendant convicted of a violent felony . . . serves at least 85 percent of the sentence imposed." *People v. Singleton*, 155 Cal. App. 4th 1332, 1337 (2007). It does not increase the sentence, it restricts "the 'discount' for good conduct credits." *People v. Garcia*, 121 Cal. App. 4th 271, 277 (2004).

Section 667.5(c) lists particular offenses that constitute violent felonies. Included in this list, at the time Petitioner committed his offense, was "any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55." § 667.5(c)(8).

Petitioner was charged with robbery, attempted robbery, and false imprisonment — all felonies. (Supplemental Lodgments in Supp. of Motion to Dismiss, Lodgment 4, Ex. B, Amended Information ("Amended Information") at 1-5 [ECF 24-1 at 39-47].)[8] Each count includes a special allegation — § 12022.53(b) as to the robbery and attempted robbery counts and § 12022.5(a)(1) as to the false imprisonment counts. (*Id.* at 1-2 [ECF 24-1 at 40-41]) Additionally, as to each charge, the Amended Information includes a

---

[7] The Court quotes the version of § 2933.1 in force when Petitioner committed his offense. However, the change in the statutory language, specifying subdivision (c), does not impact the analysis here.

[8] Petitioner submitted a portion of the Amended Information as an exhibit to his Petition, but he only included the first four pages. The full Amended Information is attached as Exhibit B to Petitioner's March 29, 2012 petition to the California Supreme Court submitted as a supplemental lodgment in support of Respondent's Objections to the Report and Recommendation on Respondent's Motion to Dismiss. (ECF 24-1 at 39-47.) The Court relies on this complete version.

further description of the charge and also specifically charges that Petitioner "personally used a firearm, to wit: a handgun, within the meaning of PENAL CODE SECTION 12022.53(b)" as to the robbery and attempted robbery counts and "within the meaning of PENAL CODE SECTION 12022.5(a)(1)" as to the false imprisonment counts. (*Id.* at 2-5 [ECF 21-1 at 41-44].)

The jury found Petitioner guilty and specifically found "that in the commission of the above offense the said defendant did personally use[] a firearm, to wit: a handgun, within the meaning of Penal Code section 12022.53(b)" as to the robbery and attempted robbery counts and "within the meaning of Penal Code section 12022.5(a)(1)" as to the false imprisonment counts. (Verdict Forms [ECF 1 at 93-108].)

Petitioner was convicted of a felony listed in § 667.5, specifically, § 667.5(c)(8) a "felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, . . . or 12022.53." § 667.5(c)(8).[9]

### 2. *Coleman/Plata* Order

On February 10, 2014, a federal three-judge court issued an order requiring the state of California to implement specific measures to reduce the prison population, including, "increasing credits prospectively for non-violent second-strike offenders and minimum custody inmates." (Lodgment 5 at 3.) It specifies "[n]on-violent second-strikers will be eligible to earn good time credits at 33.3% and will be eligible to earn milestone credits for completing rehabilitation programs." (*Id.*) As explained above, Petitioner is a violent offender. He does not qualify for worktime credits afforded to non-violent offenders.

---

[9] The California Court of Appeal and Superior Court both found as much as to Petitioner's robbery conviction in addressing his *ex post facto* claim. (Lodgment 7 at 3-4; Lodgment 9 at 2.) As did this Court in dismissing Petitioner's *ex post facto* claim. (March 30, 2016 Order at 12.)

8

### B. Alleged Error of State Law

As a threshold matter, Petitioner is alleging an error in the state's application of a state credit system that allows prisoners to reduce their time in custody subject to limitations including, § 2933.1. Whether Petitioner is a violent offender under state law for purposes of earning worktime credits provided for under state law to potentially reduce his time in state custody is an issue of state law not cognizable on federal habeas review. *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (finding determination whether a conviction qualified for sentencing enhancement was question of state sentencing law for which federal habeas relief was unavailable). If a potential error in state sentencing law is not cognizable on federal habeas review, a question of worktime credits to lessen time is custody certainly is not. Federal habeas writs may not issue on the basis of a perceived error of a state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") And, a petitioner cannot transform a state law issue into a federal one by labeling it a due process or equal protection violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1996) (Petitioner "may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.").

Petitioner labels his claims as due process and equal protection violations, however he is simply asserting that CDCR erred in concluding Petitioner was a violent offender limited to earning 15 percent in worktime credits and ineligible to earn 33.3 percent credits under the *Coleman/Plata* Order. But, the court "cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449 F.3d 1075, 1083 n. 6 (9th Cir. 2006). Although the Court analyzes the issues raised by Petitioner, whether Petitioner is appropriately designated as a violent offender under state law for purposes of worktime credits is a state law question for

9

which federal habeas relief is unavailable. The Court **RECOMMENDS** the Petition be **DENIED** on this basis.

### C. Due Process Claim[10]

To the extent Petitioner's claim rises to the level of a due process violation, it should still be denied. Although not entirely clear, Petition seems to argue that he lacked notice that his convictions with the gun enhancements would constitute violent felonies under § 667.5(c) and the jury was required to specifically find he was subject to § 667.5(c) for credit limitation purposes. He argues that because § 1192.7(c)(8) also lists a felony in which the defendant personally used a firearm, § 667.5(c) had to be listed in the charging document and found by a jury to be clear he would be subject to § 2933.1 credit limitations applicable to violent offenders.[11] Respondent does not address this argument other than to call it frivolous.

"A due process claim is cognizable only if there is a recognized liberty or property interest at stake." *McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (quoting *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995)). In general, prisoners have no constitutional liberty interest in time credits, but when the state creates a right to such credits, due process requires those credits not be taken arbitrarily. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). As noted above, § 2933 provides for prisoners to earn worktime credits at higher percentages than those, like Petitioner, subject to § 2933.1's 15 percent limit. Additionally, the *Coleman/Plata* Order provides for certain prisoners to earn 33.3 percent credit.

---

[10] Petitioner's due process claim and his *ex post facto* claim are combined his Petition. The Court's analysis addresses only his arguments in support of his due process claim. (*See* March 30, 2016 Order at 12 (in dismissing the *ex post facto* claim, finding "Petitioner Jones was convicted of a violent felony from the start. Accordingly, Petitioner cannot show that CDCR's credit assessment was in any way retrospective.").)
[11] There is significant overlap in this argument with Petitioner's equal protection claim. In particular, Petitioner argues the jury was required to find he was subject to § 667.5(c) for purposes of limiting worktime credits under his equal protection claim.

The Court need not determine whether, in general, § 2933 or the *Coleman/Plata* Order creates a liberty interest because, assuming there is a liberty interest in worktime credits under the *Coleman/Plata* Order or § 2933,[12] as to Petitioner, he has no liberty interest in earning credits beyond 15 percent. To do so would allow Petitioner to point to a liberty interest created by § 2933 or the *Coleman/Plata* Order and ignore the limitation imposed by § 2933.1.

Petitioner is a violent offender under § 2933.1 and subject to the 15 percent limit. As previously discussed, he was convicted of offenses listed as a violent offenses under § 667.5(c). Under § 2933.1, those defendants convicted of offenses listed under § 667.5(c) may earn no more than 15 percent worktime credits. He has never had "a legitimate claim of entitlement to" anything more that 15 percent worktime credits, if that. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (describing what is necessary "to obtain a protectible right" sufficient to require due process protections).

As to Petitioner's claim the he should not be a violent offender at all, he seems to be arguing that in addition to a requirement that facts increasing the maximum sentence be pled and proven to a jury, as required by *Apprendi*, facts supporting a worktime credit limitation must also be charged and proven. *See Apprendi v. New Jersey*, 530 U.S 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). This itself would be a significant extension of law

---

[12] The Ninth Circuit found the version of § 2933 enacted in 1982 "did not create a liberty interest in sentence-reducing worktime credits; therefore, it could not serve as a basis for a due process claim." *Edward v. Swarthout*, 597 Fed. Appx. 914, 915 (9th Cir. 2014) (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-96 (9th Cir. 1986), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 485-87 (1995)). However, § 2933 was amended in 2010, and the Ninth Circuit has found "it is not 'plainly' apparent that § 2933 does not create a liberty interest." *Id.* at 916 (remanding case in which petition had been summarily denied without requiring a response from respondent).

because the credit limitations imposed are only an opportunity to serve less of the time imposed under a valid sentence, not an increase in a sentence. *See Garcia*, 121 Cal. App. 4th at 277 (explaining that § 2933.1's limitation on conduct credits does not increase the maximum sentence, rather it is a reduction or discount that does not trigger a jury finding). Although a charge and jury finding on the facts supporting the § 2933.1 worktime credit limitation is certainly not required by Supreme Court precedent, it was provided in Petitioner's case. But, Petitioner goes even further and argues that in addition to pleading and proving the facts supporting the application of the worktime credit limitation, the code section that implicates the worktime credit limitation must be cited in the charging document and in the jury's verdict.

No holding from the Supreme Court indicates that due process requires the code section that will limit a defendant's ability to earn worktime credits off a validly imposed sentence be cited in the charging document or the jury's verdict. A defendant has the "right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *Gautt v. Lewis*, 489 F.3d 993, 1002-03 (9th Cir. 2007) (noting this Sixth Amendment "guarantee is applicable to the states through the due process clause of the Fourteenth Amendment" and citing *Cole v. Arkansas*, 331 U.S. 196, 201 (1948)). An information "must state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against." *Id.* (quoting *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986)). Notably, "[a]n explicit citation to the precise statute at issue is best, but a 'brief factual recitation in the information' can also suffice." *Id.* at 1004.

As explained above, the Court's review is limited to whether the state court's decision was contrary to, or involved an unreasonable application of clearly established *Federal* law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The California's Supreme Court's denial of Petitioner's due process claim cannot be "contrary to or involve an unreasonable application of clearly established Federal law" if there is no precedent requiring what Petitioner demands. *Id.* The

question here is whether there is "any federal constitutional requirement that a charging document specifically cite a sentence-related provision . . . which merely imposed a limit on time-credit eligibility in the event that Petitioner was convicted of the charged offense." *Sanford v. Scribner*, Case No. CV 06-1343-PA(CW), 2011 WL 4020831, at *12 (C.D. Cal. August 4, 2011) (finding no constitutional requirement).

"An explicit citation to the precise statute" a defendant is charged with violating may not even be necessary if the elements of the offense are sufficiently clear "to apprise a defendant of what he must be prepared to defend against." *Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007) (quoting *Givens*, 786 F.2d at 1381). Given citation to the code for the underlying offense is not even required when the elements are clear, the California Supreme Court could have reasonably concluded that citation to the code section implicating a credit limitation was not required, particularly when the facts supporting that limitation had been charged and found by a jury. Additionally, the court may have rejected a requirement to plead the credit-limiting code section because, as a credit-limiting provision, it does not define or alter the conviction or the sentence. *See People v. Lara*, 54 Cal. 4th 896, 904 (2012) (declining to require pleading and proof of facts to support credit limitations). Given explicit citation to the statute charged is not even required under federal precedent, the Court cannot find the California Supreme Court's rejection of claim that a credit limiting code section must be cited was "opposite to that reached by the Supreme Court on a question of law or [that] the state court decide[d] [the] case differently than the Supreme Court . . . on a set of materially indistinguishable facts." *Loher*, 825 F.3d at 1111 (explaining standard for contrary to clause in § 2254(d)(1)). Nor can the Court find the state court's rejection "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods*, 135 S. Ct. at 1377 (explaining standard for unreasonable application under § 2254(d)(1)). Nor can the Court find Petitioner has identified any unreasonable determination by the state court under § 2254(d)(2). *See Hibbler*, 693 F.3d at 1146.

The analysis above applies equally to Petitioner's claim that he should be afforded 33.3 percent credit pursuant to the *Coleman/Plata* Order. "The prisoners contemplated in the February 10, 2014 Order in *Coleman/Plata* as eligible for the 33.3 percent credit toward their sentences are 'non-violent second-strike offenders.'" *Perez v. Donovan*, Case No. , 2016 WL 7974656 at *6 (C.D. Cal. Dec. 12, 2016) (citing *Coleman/Plata*, Case No. 2:90-cv-0520-KJM-DB, ECF 5060 at *3). As discussed above, Petitioner is a violent offender. There is no due process violation in denying Petitioner worktime credits pursuant to the *Coleman/Plata* Order providing worktime credits for certain non-violent offenders.

The Court RECOMMENDS Petitioner's due process claim be **DENIED**.

### D. Equal Protection Claim

Petitioner argues he was denied equal protection on a similar basis as the due process claim. He claims similarly situated inmates have received credits at a higher percentage than he has as a violent offender. He also claims other defendants charged with personal use of a firearm had a jury determine whether their offense was a violent felony.

To succeed on an "equal protection claim alleging an improper statutory classification, [Petitioner] must show that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean*, 173 F.3d at 1185. If Petitioner "demonstrate[s] that a cognizable class is treated differently, the court must analyze [the claim] under the appropriate level of scrutiny" — here, the rational basis test. *Id.* at 1185-86 (explaining "[a] government policy is valid under the rational basis test so long as it is rationally related to a legitimate government interest.").

Here, Petitioner has not identified a group that is being treated differently than him. He submitted two declarations as attachments to his Amendment to Traverse. (ECF 55 at 3-10.) They purport to be declarations from other prisoners that have been afforded

14

15CV1002 GPC (BGS)

worktime credit at 33.3 percent under the *Coleman/Plata* Order.[13] Putting aside issues of authentication, neither of these prisoners is similarly situated to Petitioner. Both declarations indicate each was earning credits at 20 percent, not the 15 percent Petitioner is subject to. Additionally, both declarations identify convictions for burglary as the basis for being similarly situated to Petitioner, but under § 667.5(c), at the time of their convictions, burglary only qualified under § 667.5(c) if it was "charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." § 667(c)(21). Nothing in their declarations indicates that they were violent offenders under § 667(c), like Petitioner, and subject to the 15 percent limit under § 2933.1. There can be no equal protection violation because Petitioner has failed to identify a similarly situated group.

As to Petitioner's claim that he was entitled to have § 667.5(c) cited in the charging document and cited by the jury because others have had § 1192.7 cited in their cases, Petitioner cites three cases where each defendant was found to have personally used a firearm within the meaning of § 12022.53(b) or § 12022.5(a) *and § 1192.7(c)(8)*. He concludes that because § 1192.7(c)(8) was specified with §§ 12022.53(b) and 12022.5(a) in the jury's verdict in those cases, it was a violation of equal protection not to specify § 667.5(c) would apply in his case. However, the cases Petitioner relies on do not address the situation presented here — a challenge to the imposition of limits on worktime credits. The language in the procedural history in these cases that Petitioner relies on is a jury finding as to § 1192.7(c), but these cases are dealing with sentencing enhancement and the overall length of sentences, not challenges to worktime credits. *Hicks v.* Dexter, 646 F. Supp. 2d 1182, 1184 (C.D. Cal. 2009) (considering a challenge to a sentence, *i.e.* whether the trial court properly imposed the upper term); *Lopez v. Campbell*, Case No. CV F 05-481 LJO TAG HC, 2008 WL 4826129 (E.D. Cal. Nov. 6,

---

[13] These are the same declarations Petitioner submitted in support of his amendment to his petition to the California Supreme Court. As such, they are part of the state court record.

2008) (as to claim eight referenced by Petitioner, rejecting challenge to length of sentence under Eighth Amendment); *Miles v. Olison*, 2009 WL 6057205 (C.D. Cal. June 29, 2009)(petition raising numerous challenges, including a firearms enhancement, but none addressing worktime credits). To the extent any of them can be fairly read as requiring § 1192.7(c) to be charged and proven to a jury, an issue none of them address, it was related to the imposition of each defendant's sentence, not eligibility for worktime credits. In this respect these defendants are not similarly situated to Petitioner.

To the extent Petitioner is challenging violent offenders being treated differently than other offenders under § 2933.1 or the *Coleman/Plata* Order, the claim lacks any merit because requiring violent offenders to serve more of their imposed sentence than other offenders is rationally related to "greater protection [for] the public from dangerous offenders." *Garcia*, 121 Cal. App. 4th at 277.

The Court cannot conclude the California Supreme Court's rejection of Petitioner's equal protection claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. It could properly have been rejected for failing to identity any similarly situated group.

The Court RECOMMENDS Petitioner's equal protection claim be **DENIED**.

### E. Procedural Bar and Exhaustion

In Answering the Petition, Respondent again asserts Petitioner's due process and equal protection claims are procedurally barred and unexhausted. However, these arguments are duplicative of arguments raised in in the Motion to Dismiss and in Objections to the Report and Recommendation that have already been rejected. (March 30, 2016 Order at 12-19.) Respondent does not identify any distinctions between the prior arguments and those raised in responding to the Petition that the Court need address, particularly given the claims have no merit, as discussed above.

16

15CV1002 GPC (BGS)

## F. Evidentiary Hearing

AEDPA prescribes the manner in which federal habeas courts must approach the factual record and "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir.1999). "[A] determination of a factual issue made by a State court shall be presumed to be correct," with the petitioner having "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Section 2254(e)(2) limits "the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen*, 563 U.S. at 185.

"If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen*, 563 U.S. at 185("[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review"). If a claim subject to 28 U.S.C. § 2254(d)(1) does not satisfy that statutory requirement, it is "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim." *Id.* at 184 (citation omitted). "In practical effect, . . . this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Cullen*, 563 U.S. at 183. (citation omitted). Since *Cullen*, the Ninth Circuit has held that a federal habeas court may consider new evidence only on *de novo* review, subject to the limitations of § 2254(e)(2). *See Stokley v. Ryan*, 659 F.3d 802, 808 (9th Cir. 2011).

As explained above, Petitioner is not entitled to relief under § 2254(d)(1) and has not met any of the exacting requirements for an evidentiary hearing on federal habeas review. Additionally, he does not identify any reason an evidentiary hearing would be necessary. Accordingly, the Court recommends Petitioner's request for an evidentiary hearing be **DENIED**.

## IV. CONCLUSION & RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying the Petition.

**IT IS ORDERED** that no later than **July 21, 2017,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 4, 2017.**

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Petitioner's Motion Requesting a Status Report is **DENIED** as moot. (ECF 57.)

Dated: June 30, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge