UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES,<br><br>                     Petitioner,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>                     Respondent. | Case No.: 3:15-cv-1002-GPC-BGS<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[DKT. NO. 58.]** |

## I. INTRODUCTION

On May 4, 2015, Petitioner Edward Jones ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The Director of Corrections ("Respondent") filed a Motion to Dismiss on August 12, 2015, and Petitioner filed his Response on September 14, 2015. (Dkt. Nos. 11, 15.) This Court granted in part, dismissing Petitioner's *ex post facto* claims, and denied in part, ordering Respondent to respond to Petitioner's Due Process and Equal Protection claims. (Dkt. No. 32.) Respondent filed an Answer and supporting Lodgments on June 27, 2016. (Dkt. Nos. 38, 39.) Petition filed a Traverse as to the matters raised in

the Answer on October 5, 2016, and filed an Amendment to Traverse on October 6, 2016. (Dkt. Nos. 53, 55.)

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California, Magistrate Judge Bernard Skomal filed a Report and Recommendation ("Report") recommending that this Court deny the Petition. (Dkt. No. 58.) On July 21, 2017, Petitioner filed objections ("Objections") to the Magistrate Judge's Report. (Dkt. No. 59.)

After a thorough review of the issues, the documents presented, and Objections filed, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** the petition for writ of habeas corpus. The Court also **DENIES** a certificate of appealability.

## II. PROCEDURAL BACKGROUND

On June 26, 1999, Petitioner committed armed robbery. (Dkt. No. 1, Ex. G). On November 8, 2000, a jury convicted Petitioner of one count of robbery, five counts of attempted robbery, and two counts of false imprisonment by violence/menace, and multiple firearm-use allegations. (Dkt. No. 12-1.) Petitioner was sentenced to 37 years and his conviction was upheld on direct appeal. (*Id.*) Thereafter, Petitioner filed numerous habeas petitions both in state and federal court. (*Id.*)

Petitioner's instant petition in this Court is rooted in petitions that he filed in the California state courts from 2014 to 2015. (Dkt. No. 1 at 65.)[1] There, Petitioner alleged, *inter alia*, that the California Department of Corrections and Rehabilitation ("CDCR") violated the Constitutional proscription against *ex post facto* laws by retroactively classifying his armed-robbery offense as a "violent felony," thus denying him, under

---

[1] All references to page numbers shall reflect the CM/ECF pagination.

California Penal Code § 2933.1,[2] the full measure of work time credits he claims he was otherwise entitled to. (Dkt. No. 1, Ex. G.) On December 2, 2014, the Superior Court denied his *ex post facto* petition on the merits. (*Id.*)

Petitioner subsequently filed a Petition Writ of Habeas Corpus in the state intermediate court of appeal, again raising his *ex post facto* claim. (Dkt. No. 12-1.) On January 8, 2015, the court denied that claim on procedural grounds and, alternatively, on the merits. (*Id.*) Procedurally, the appellate court held that this claim was "stale, repetitive, and successive" because "[t]his petition is Jones's seventh writ petition challenging his conviction and resulting judgment and involves contentions similar to those raised in his previous petitions." (*Id.*) (emphasis added). In so holding, the court relied on the state's procedural bar against successive or repetitive petitions, as specified in *In re Clark*, 5 Cal. 4th 750, 769 (1993) ("[T]his court has never condoned abusive writ practice or repetitious collateral attacks on a final judgment. Entertaining the merits of successive petitions is inconsistent with our recognition that delayed and repetitious presentation of claims is an abuse of the writ."). On the merits, the court rejected Petitioner's *ex post facto* claim because Petitioner's armed robbery offenses were classified as a "violent felony" under California law when he committed his crimes. (Dkt. No. 12-1.) Accordingly, the court held that Petitioner was never entitled to the worktime credits he claims he was entitled to because his crime had always been a violent felony. (*Id.*)

On January 13, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, again presenting his *ex post facto* claim. (Dkt. No. 12-2.) On February 6, 2015, however, Petitioner transmitted an "amended" petition to the California Supreme Court. (Dkt. No. 15 at 36, 45.) There, Petitioner presented his *ex post facto* claim

---

[2] Section 2933.1 imposes on prisoners convicted of violent felonies a 15 percent limitation on the work time credits they can earn. (Dkt. No. 1 at 67.)

3

but also added two additional claims – (1) a Due Process claim and (2) an Equal Protection claim – that he did not include in his earlier petition. (*Id.* at 39-45.) The California Supreme Court's docket reflects that it "received" Petitioner's "amended" petition. (Dkt. No. 24-3 at 2; Dkt. No. 29 at 3-4.) On March 11, 2015, the California Supreme Court summarily denied Petitioner's petition. (Dkt. No. 24-3.)

On May 4, 2015, Petitioner filed, pursuant to 28 U.S.C. § 2254, the instant Petition for Writ of Habeas in this Court. (Dkt No. 1.) Petitioner raised here all three claims that he presented in his amended petition to the California Supreme Court. (*Id.*) First, Petitioner again argued that CDCR violated the proscription against *ex post facto* laws by retroactively classifying his robbery offenses as "violent felonies," thus improperly denying him certain worktime credits to which he claims he was entitled. (*Id.*) Second, Petitioner argued that CDCR denied him Due Process because he lacked notice that a firearm enhancement constituted a violent felony under California Penal Code § 667.5(c). (*Id.*) Third, Petitioner argued that the state violated his rights under the Equal Protection Clause because he was treated differently with respect to worktime credits than other similarly situated inmates. (*Id.*)

On August 12, 2015, Respondent filed a Motion to Dismiss under Rule 4 of the Rules Governing Section 2254 Cases. (Dkt. No. 11-1.) First, Respondent argued that Petitioner's *ex post facto* claim, grounded in the denial of worktime credits under state law, was not federally cognizable because it effectively amounts to a claim that the state misapplied its own state laws. (*Id.* at 2-3.) Second, Respondent argued that Petitioner's Due Process and Equal Protection claims have been procedurally defaulted – or, in the alternative, remain unexhausted in state courts. (*Id.* at 4-7.) In either case, Respondent contends that this Court is unable to entertain these claims. (*Id.*)

On December 8, 2015 Magistrate Judge Skomal issued a Report and Recommendation advising that this Court grant Respondent's Motion to Dismiss with respect to the *ex post facto* claim and deny it with respect to the Due Process and Equal Protection claims. (Dkt. No. 16.) This Court, having reviewed the issues, the documents presented, and the filed objections, adopted the Magistrate Judge's Report and Recommendation on March 30, 2016. (Dkt. No. 32.)

In granting Respondent's Motion to Dismiss Petitioner's *ex post facto* claim, this Court reasoned that Petitioner "fails to state a claim that is federally cognizable." (Dkt. No. 32 at 11.) Rather, Petitioner is challenging the CDCR's application of California state law concerning worktime credits. (*Id.*) Because this is "ultimately a state-law question," the Court found that "federal habeas corpus relief is not available. . . ." (*Id.* at 10-11, citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). In denying Respondent's Motion to Dismiss Petitioner's Due Process and Equal Protection Claims, this Court found Petitioner's constitutional claims to be neither procedurally defaulted nor unexhausted.[3] (*Id.* at 15-19.) In so doing, this Court ordered Respondents to respond to Petition's Due Process and Equal Protection claims on or before May 1, 2016. (*Id.* at 20.)

On April 28, 2016, Respondent filed an *ex parte* application for an extension of time to answer. (Dkt. No. 33.) On April 29, the Court issued an order granting Respondent an extension of time, through May 31, 2016, to file the answer. (Dkt. No. 35.) Respondent filed a second *ex parte* application for an extension of time to answer on May 27, 2016.

---

[3] Respondent failed to prove procedural default under both *Ylst*-based and *Bennett*-based procedural default arguments. (Dkt. No. 32 at 15-16.) Moreover, by raising these claims in the California Supreme Court, Petitioner sustained his burden of proving that he had exhausted his Due Process and Equal protection claims. (Dkt. No. 17-19.) Therefore, this Court found that it could entertain these claims. (*Id.*)

(Dkt. No. 36.) The Court granted Respondent a second extension to file an answer to the Petition for Writ of Habeas Corpus until June 28, 2016.[4] (Dkt. No. 37.)

On June 27, 2016, Respondent filed an answer responding to Petitioner's constitutional claims. (Dkt. No. 38.) Respondent argued that Petition did not exhaust his Due Process and Equal Protection claims either administratively or in state court;[5] that Petitioner's Due Process claim is untimely and frivolous;[6] that both constitutional claims are based solely on state law, thus are not cognizable on federal habeas corpus; and that Petition failed to demonstrate that the state court decisions were an unreasonable application of clearly established federal law. (*Id.* at 4-9.)

Petitioner filed a Traverse and an Amendment to Traverse in October of 2016. (Dkt. Nos. 53, 55.) On June 30, 2017, Magistrate Judge Bernard Skomal filed a Report and Recommendation ("Report") recommending that this Court deny Petitioner's remaining

---

[4] In two separate motions, Petitioner alleged that as of July 13, 2016 and August 1, 2016, Respondent had not filed an answer or a timely *ex parte* application to extend the time to file an answer. (Dkt. Nos. 44, 46.) The Court denied Petitioner's Motion for Entry of Default Judgment on August 16, 2016, citing Respondent's two timely *ex parte* applications for an extension of time. (Dkt. No. 47 at 2.) The Court concluded that "Respondent filed a timely answer to the Petition for Writ of Habeas Corpus and therefore is not in default of the Court's orders." (*Id.* at 3.)

[5] Respondent argues that Petitioner did not administratively exhaust his Due Process or Equal Protection claims because Petitioner never submitted an administrative appeal raising these claims. (*Id.* at 4-6.) Nor did Petitioner include these claims in his petitions to the lower state courts. (*Id.*) Rather, they first appeared in an amended petition to the California Supreme Court, which "was never properly before the court and was never considered by the court when it summarily denied the petition." (*Id.* at 7.) Thus, these claims, according to Respondent, were never properly exhausted. (*Id.*)

[6] Respondent contends that because Petitioner's Due Process claim is based on his underlying conviction, the claim is "untimely" under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. (*Id.* at 7.)

Due Process and Equal Protection claims, thereby denying Petitioner's Writ of Habeas Corpus. (Dkt. No. 58.) On July 21, 2017, Petitioner filed Objections to the Report, which this Court now turns to. (Dkt. No. 59.)

## III. STANDARD OF REVIEW

### A. Review of the Magistrate Judge's Report and Recommendation

The duties of the district court with respect to a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

As to the portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. District Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

### B. Review of Habeas Petitions

Rule 4 of the Rules Governing Section 2254 Cases requires that "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief. . . the judge shall make an order for summary dismissal." *See Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). A petition pursuant to 28 U.S.C. § 2254 "is expected to state facts that point to a real possibility of a constitutional error." *Aubut v. Maine*, 431 F.2d 688, 689 (1st

Cir. 1970). In addition, the facts alleged in the petition must be sufficiently specific to allow the Court to understand the claim. *See Hendricks*, 908 F.2d at 491–92.

## C. AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). Under AEDPA, a federal court must not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented[.]" 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). "'[C]learly established Federal law' under § 2254(d)(1) [refers to] the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). However, a state court's judgment need not cite Supreme Court cases or "[e]ven require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8 (emphasis added); *see also Frantz v. Hazey*, 533 F.3d 724, 734 (9th Cir. 2008) (en banc) ("In other words, mistakes in reasoning or in predicate decisions of the type in question here-use of a wrong legal rule or framework-do constitute error under the 'contrary to' prong of § 2254(d)(1).")

The court "may issue the [habeas] writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.* Under the "unreasonable application" clause, the state

court decision must be "more than incorrect or erroneous" to warrant habeas relief. *Andrade*, 538 U.S. at 75. The standard under AEDPA is not met unless the state court's application of the law is "objectively unreasonable." *Id.*

## IV. DISCUSSION

Petitioner asserts thirteen objections to the Magistrate Judge's Report—the majority of which are duplicative of arguments from his prior habeas petitions and the instant Petition. Petitioner's Objections can be organized into four categories: (1) Worktime Credits for Violent Offenders; (2) Alleged Error of State Law; (3) Due Process Claim; and (4) Equal Protection Claim.

### 1. Worktime Credits for Violent Offenders

In California, prisoners can earn worktime credits that may ultimately reduce the length of their sentence. *See* § 2933.1. Prisoners who are convicted of a violent felony, however, are subject to limitations and "shall accrue no more than 15 percent of worktime credit."[7] *Id.* Under California Penal Code § 667.5, a violent felony is "any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55." § 667.5(c)(8). Thus, any prisoner found to have used a firearm in the commission of a felony is a "violent" offender for purposes of the law, and is limited in earning worktime credits.

Petitioner generally objects to the Magistrate Judge's finding that Petitioner is a violent offender based on his conviction.[8] (Dkt. No. 59 at 2-5.) Petitioner argues that he was erroneously labeled a violent offender by CDCR, and was thus wrongfully denied worktime credits. (*Id.* at 3.) According to Petitioner, it was "fundamentally unfair" for

---

[7] Notably, this does not increase the sentence. Rather, it restricts "the 'discount' for good conduct credits." *People v. Garcia*, 121 Cal. App. 4th 271, 277 (2004).

[8] Petitioner lists these objections as Objections 1 and 2.

9

Petitioner to be labeled a violent offender by CDCR—not a trial court judge—because he was unable to put on a defense during sentencing. (*Id.* at 3-4.)

Petitioner's status as a violent offender, however, is based on his conviction, which was lawfully determined by a jury. Petitioner relies on *Eatmon v. Yates*, where a prisoner similarly challenged his conviction under California Penal Code § 667.5(c). Case No. C 09-0079 JSW PR, 2011 WL 1157288, at *3 (N.D. Cal. Mar. 29, 2011). In *Eatmon*, the prisoner was convicted of burglary, which under § 667.5(c), is enhanced to a "violent" felony if the residency is occupied. *Id.* at *4. The jury there, however, did not determine whether the house was occupied. *Id.* Thus, the prisoner objected to the lack of a jury determination on a fact pertinent to the classification of his offense.[9] *Id.*

In stark contrast, the jury here considered and reached a verdict as to all facts pertinent to the classification of Petitioner's offense. (Dkt. No. 1, Ex. K.) Specifically, the jury found Petitioner guilty of using a handgun "within the meaning of Penal Code section 12022.53(b)" as to the robbery and attempted robbery counts and "within the meaning of Penal Code section 12022.5(a)(1)" as to the false imprisonment counts. (*Id.*) Thus, Petitioner was lawfully convicted of crimes listed in § 667.5 as "violent" felonies.[10]

---

[9] The prisoner there was relying on Supreme Court precedent requiring that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Id.* at *4 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Notably, the court rejected the prisoner's *Apprendi* argument because the occupancy finding did not result in a penalty beyond the statutory maximum. *Id.* Rather, the prisoner's enhancements were based on his prior convictions, and fell within the "prior conviction" exception to *Apprendi*. *Id.*

[10] Among those crimes listed is "any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55." § 667.5(c)(8).

Moreover, Petitioner's objection to the trial court's failure to cite section 667.5 by name is unavailing.[11] The fact that Petitioner is now designated as a "violent" offender under § 667.5 has no bearing on the jury's determination of his guilt or the sentencing proceeding. Rather, it merely places a limit on Petitioner's ability to accrue worktime credits. While adverse, this consequence does not *increase* the length of his sentence, and thus does not implicate due process concerns.[12]

Accordingly, this Court agrees with the Magistrate Judge's conclusion that Petitioner is a violent offender based on his conviction, and that "by law, he is limited to earning 15 percent of worktime credits pursuant to section 2933.1." (Dkt. No. 58 at 6.) As a violent offender, Petitioner also does not qualify for worktime credits afforded to non-violent offenders under the *Coleman/Plata* Order.[13]

---

[11] Petitioner lists this objection as Objection 3, contending that "section 667.5(c) had to be listed in the charging document and found by a jury to be clear be would be subject to 2933.1 credit limitations applicable to violent offenders." (Dkt. No. 59 at 5-6.) Petitioner again makes this argument in Objection 6, arguing that "during sentencing the Trial Court was required to state on record that Petitioner offenses were violent under section 667.5(c), and the trial court was required to pronounce during sentencing that Petitioner was a violent offender under section 1170(b)&(c)." (*Id.* at 12.)

[12] In addressing this same question, the court in *Eatmon*, held that "[t]hese consequences, while adverse, do not increase the maximum length of his sentence or have any bearing on the statutory maximum for *Apprendi* purposes." 2011 WL 1157288, at *5.

[13] As recited in the Magistrate's Report:
"On February 10, 2014, a federal three-judge court issued an order requiring the state of California to implement specific measures to reduce the prison population, including, 'increasing credits prospectively for non-violent second-strike offenders and minimum custody inmates.' (Lodgment 5 at 3.) It specifies '[n]on-violent second-strikers will be eligible to earn good time credits at 33.3% and will be eligible to earn milestone credits for completing rehabilitation programs.' (*Id.*) As explained above, Petitioner is a violent

### 2. Alleged Error of State Law

Notably, Petitioner does not object to the Magistrate Judge's finding that, as a threshold matter, the question of whether Petitioner is a violent offender under California law for the purposes of earning worktime credit is an issue of state law not cognizable on federal habeas review. *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner cannot avoid this precedent by simply labeling his claims as due process or equal protection violations. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Notwithstanding Petitioner's failure to state a cognizable claim, his constitutional claims should still be denied for the following reasons.

### 3. Petitioner's Due Process Claim[14]

In short, Petitioner contends that he lacked notice that a firearm enhancement constituted a violent felony under California Penal Code § 667.5(c), in violation of his right to due process of law. (Dkt. No. 1 at 15.) "A due process claim is cognizable only if there

---

offender. He does not qualify for worktime credits afforded to non-violent offenders." (Dkt. No. 58 at 8.)

[14] This Court need not review Respondent's argument that Petitioner's due process and equal protection claims are procedurally barred and unexhausted, as no new arguments or objections have been raised on this point. Accordingly, the Court adopts the Magistrate Judge's conclusion that "these arguments are duplicative of arguments raised in in the Motion to Dismiss and in Objections to the Report and Recommendation that have already been rejected. (March 30, 2016 Order at 12-19.) Respondent does not identify any distinctions between the prior arguments and those raised in responding to the Petition that the Court need address, particularly given the claims have no merit, as discussed above." (Dkt. No. 58 at 16.)

is a recognized liberty or property interest at stake." *McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (quoting *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995)).

In his Objections, Petitioner asserts a liberty interest under the *Coleman/Plata* Order.[15] (Dkt. No. 59 at 8.) The *Coleman/Plata* Order, which required California to implement specific measures to reduce the prison population, provided for "increasing credits prospectively for non-violent second-strike offenders and minimum custody inmates." (Dkt. No. 58 at 8, citing Lodgment 5 at 3.) Petitioner argues that because he is housed in a California prison, "still living under degrading and inhumane conditions," he is entitled to those credits.

Assuming that California Penal Code § 2933 *does* create a liberty interest in worktime credits protected by the Due Process Clause,[16] Petitioner's liberty interest would still be limited by § 2933.1 because he is a violent offender.[17] In light of this limitation, the Magistrate Judge correctly concluded that Petitioner has no liberty interest in earning credits beyond 15 percent.

Furthermore, Petitioner has not convinced this Court that the procedures by which he was deprived of his interest in accruing more than 15 percent worktime credits were constitutionally insufficient. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We

---

[15] Petitioner lists this objection as Objection 4. (Dkt. No. 59 at 7.)

[16] The Ninth Circuit has yet to determine whether § 2933, as amended in 2010, creates a liberty interest. *Edwards v. Swarthout*, 597 Fed.Appx. 914, 915–16 (9th Cir. 2014) ("[I]t is not 'plainly' apparent that § 2933 does not create a liberty interest.") Thus, at this time, the Court need not determine whether, in general, § 2933 or the *Coleman/Plata* Order creates a liberty interest.

[17] Under § 2933.1, violent offenders cannot accrue more than 15 percent worktime credit. In other words, a "defendant convicted of a violent felony . . . serves at least 85 percent of the sentence imposed." *People v. Singleton*, 155 Cal App. 4th 1332, 1337 (2007).

13

3:15-cv-1002-GPC-BGS

first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."). Petitioner does not dispute that all facts pertaining to his conviction were pled and proven to a jury. His contention, rather, is that at the time of his conviction, his offenses were listed under California Penal Code § 1192.7, not under California Penal Code § 667.5, to which § 2933.1's limit pertains.[18] Moreover, Petitioner contends that the trial court's failure to specifically identify § 667.5 in his proceeding deprived of him of fair notice that he would, in fact, be classified as a "violent" offender such that his ability to accrue worktime credit would be limited.[19]

Requiring that all facts supporting a worktime credit limitation be pled and proven to a jury, however, would be unprecedented. Under *Apprendi v. New Jersey*, all facts *increasing the maximum sentence* must be pled and proven to a jury. *See* 530 U.S. 466, 490 (2000). A limitation on worktime credit does not increase a defendant's valid sentence— it merely limits a defendant's opportunity to serve less time. *See People v. Garcia*, 121 Cal. App. 4th 271, 277, (2004) ("Lessening the 'discount' for good conduct credit does not increase the penalty beyond the prescribed maximum punishment and therefore does not trigger the right to a jury trial identified in *Apprendi*."). Petitioner can point to no case law that indicates that due process demands that these such limitations be pled and proven to a

---

[18] In his Objections, although dispersed throughout, Petitioner lists this argument as Objection 5. (Dkt. No. 59 at 8-11.)

[19] Petitioner lists this objection as Objection 8. (Dkt. No. 59 at 13-16.) Petitioner additionally generally objects to the Magistrate Judge's finding that "section 2933.1 was provided in his case," (Dkt. No. 59 at 13, Objection 7), and "all of the Magistrate Judge findings in his Report and Recommendation pages 13:1-28," (Dkt. No. 59 at 16, Objection 9). However, Petitioner provides no specific analysis as to why the Magistrate's findings are contrary to clearly established federal law and fails to identify any specific federal law that contradicts the Magistrate's findings.

jury. Nor does the language of § 667.5 suggest that the Legislature wanted to extend *Apprendi* to limits on earning worktime credits.[20] As such, this Court will not extend *Apprendi* beyond its defined scope.

Due process requires that a defendant be placed on notice of the charges made against him. *Gautt v. Lewis*, 489 F.3d 993, 1003 (9th Cir. 2007). Federal law does *not* mandate that the "explicit citation to the precise statute" be included in a defendant's charging document.[21] *Id.* at 1004. "Nor is there any federal constitutional requirement that a charging document specifically cite a sentence-related provision such as Section 2933.1, which merely imposed a limitation on time-credit eligibility in the event that Petitioner was convicted of the charged offense." *Sanford v. Scribner*, No. CV 06-1343-PA CW, 2011 WL 4020831, at *12 (C.D. Cal. Aug. 4, 2011). Absent federal precedent, the California Supreme Court could have reasonably concluded that citation to the code section was not required here, particularly when the facts supporting that limitation had been charged and found by a jury. Therefore, this Court cannot find that the California Supreme Court's denial of Petitioner's due process claim was contrary to, or involved an unreasonable application of clearly established federal law.

As such, this Court concludes that there is no due process violation in denying Petitioner worktime credits because of Petitioner's status as a violent offender.

---

[20] As noted by the California Court of Appeal, when the Legislature intends to mandate a jury determination, it explicitly says so in the act. *Garcia*, 121 Cal. App. 4th at 278. "For example, section 1170.1, subdivision (e), which governs most determinate sentences, provides, 'All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.'" *Id.*

[21] Rather, the information in the charging document is constitutionally sufficient so long as it "state[s] the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against." *Gautt*, 489 F.3d 993, at 1003.

15

Accordingly, this Court **ADOPTS** the Magistrate Judge's recommendation as to Petitioner's Due Process claim.

### 4. Equal Protection Claim

In his remaining Objections, Petitioner argues that he was denied equal protection because similarly situated inmates were allowed to accrue more worktime credit than him.[22] To succeed on an "equal protection claim alleging an improper statutory classification, [Petitioner] must show that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean*, 173 F.3d at 1185. If Petitioner "demonstrate[s] that a cognizable class is treated differently, the court must analyze [the claim] under the appropriate level of scrutiny" — here, the rational basis test. *Id.* at 1185-86 (explaining "[a] government policy is valid under the rational basis test so long as it is rationally related to a legitimate government interest.").

In support of his claim, Petitioner initially submitted two declarations to the California Supreme Court from prisoners who had been afforded worktime credit at 33.3 percent under the *Coleman/Plata* Order.[23] Petitioner does not object to the Magistrate Judge's finding that based on these two declarations, "[t]here can be no equal protection violation because Petitioner has failed to identify a similarly situated group." (Dkt. No. 58 at 15.)

However, Petitioner argues that the Magistrate Judge failed to respond to a declaration from David Christopher, which Petitioner included in the Traverse. (Dkt. No.

---

[22] In Objections 10 and 11, Petitioner references David Christopher, a "violent second strike offender" who was allowed to accrue the full 33.3 percent worktime credits under the *Colman/Plata* Order. (Dkt. No. 59 at 17-18.)

[23] Petitioner also submitted these declarations as attachments to his Amendment to Traverse. (Dkt. No. 55 at 3-10).

53, Exhibit "E.") Christopher, allegedly a violent offender, was awarded worktime credit at 33.3 percent under the *Coleman/Plata* Order. (*Id.*) Petitioner thus argues that he is similarly situated to violent second strike offenders like Christopher, yet was not similarly awarded worktime credit at 33.3 percent. (Dkt. No. 59 at 21.)

Petitioner correctly asserts that the Magistrate Judge failed to respond to this evidence.[24] However, as noted by the Magistrate Judge, the only declarations submitted in the state court proceedings were that of two prisoners who were both earning credits at 20 percent, not 15 percent, and who were convicted of burglary, which at the time, did not on its own constitute a violent offense. (Dkt. No. 58 at 15.) Given that this was the only evidence available to the state court upon review, the California Supreme Court's rejection of Petitioner's equal protection claim did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. (*Id.* at 16.)

Under the applicable standard of review, however, this Court is required to make a de novo determination of those portions of the report to which an objection is made. 28 U.S.C. § 636(b)(1)(c); *see also Raddatz*, 447 U.S. at 676. Upon review of this new evidence, this Court finds that Petitioner has still failed to identify that this prisoner is similarly situated. Christopher's first offense was for robbery with use of a firearm. As noted in his Legal Status Summary Sheet, he was subject to the 15 percent limit on worktime credit for violent offenders. (Dkt. No. 53 at 59.) Notably, he was *not* awarded the ability to earn 33.3% worktime credits for his first offense. (*Id.*)

---

[24] In his Traverse, Petitioner asked that the Magistrate Judge "[t]ake Judicial Notice of all previously filed documents." (Dkt. No. 53 at 24.) Included in the Traverse was Exhibit "E"—Declaration of David Christopher and Legal Status Summary. (Dkt. No. 53 at 57.) While the Magistrate Judge did not address this declaration, this error is not dispositive.

Christopher's second offense—for which he originally earned credits at 20 percent, not the 15 percent Petitioner is subject to—was an in-prison offense. Christopher was convicted of possession/manufacture of a deadly weapon by prisoner, which is not listed under § 667.5 as a "violent" felony, and therefore not subject to § 2933.1's limitation. *See* § 667.5(c); § 2933.1(a). *This* is the conviction for which he was awarded the ability to earn 33.3 percent worktime credit. (*Id.*) Governed by § 1170.1(c), "a term for an in-prison offense . . . begins to run at the end of the prison term imposed for the original out-of-prison offenses." *In re Tate*, 135 Cal. App. 4th 756, 764–65 (2006).[25] In other words, "the two terms are treated as separate terms." *Id.* at 765. As such, once Christopher completes his sentence for the violent offense, he is no longer a "person who is convicted of a [violent] felony offense" under § 2933.1 and is no longer subject to the 15 percent worktime credit limit. *See id.* Thus, the 33.3 percent credit rate is applicable only to Christopher's second offense—not to his first, violent out-of-prison offense.

Given these distinctions, the Court finds that Petitioner and Christopher are not similarly situated because Petitioner is challenging an offense designated as violent by law, and the offense for which Christopher was awarded the ability to earn 33.3 percent worktime credit was an in-prison offense, which—unlike Petitioner's out-of-prison offense—was not designated as violent and is not subject to the 15 percent limitation under § 2933.1.

As such, this Court concludes that there is no equal protection violation in denying Petitioner worktime credits pursuant to § 2933.1. Accordingly, this Court **ADOPTS** the Magistrate Judge's recommendation as to Petitioner's Equal Protection claim.

---

[25] Exhibit A states that this second offense was a "Tate decision" offense. *See* Ex. A.

## V. CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Petitioner does not state a valid claim of the denial of a constitutional right, and that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *See id.* Accordingly, the Court **DENIES** a certificate of appealability.

## VI. CONCLUSION

For the reasons set forth above, the Court **ADOPTS**[26] the Magistrate Judge's Report and Recommendation, **OVERRULES** Petitioner's Objections, **DENIES** Petitioner's Petition, and **DENIES** a certificate of appealability.

---

[26] Petitioner raised no objection to the Magistrate Judge's finding that no evidentiary hearing is required here. Accordingly, this Court adopts the recommendation that Petitioner's request for an evidentiary hearing be denied. (Dkt. No. 58 at 17.) "Petitioner is not entitled to relief under § 2254(d)(1) and has not met any of the exacting requirements for an evidentiary hearing on federal habeas review. Additionally, he does not identify any reason an evidentiary hearing would be necessary." (*Id.*)

**IT IS SO ORDERED.**

Dated: February 20, 2018

Hon. Gonzalo P. Curiel
United States District Judge